**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| DERRICK NTIAMOAH BONSU,<br><br>Petitioner,<br><br>v.<br><br>CRAIG LOWE,<br><br>Respondent. | No. 4:26-CV-01702<br><br>(Chief Judge Brann) |

**MEMORANDUM OPINION**

**AUGUST 31, 2026**

Petitioner Derrick Ntiamoah Bonsu is an immigration detainee in the custody of the United States Department of Homeland Security, Immigration and Customs Enforcement (ICE). He is currently detained at Pike County Correctional Facility in Lords Valley, Pennsylvania. Bonsu commenced this action by filing a *pro se* petition for a writ of habeas corpus under 28 U.S.C. § 2241. He seeks immediate release from detention or a new bond hearing. For the following reasons, the Court will deny Bonsu's Section 2241 petition.

## I. BACKGROUND

Bonsu is a native and citizen of Ghana who entered the United States on April 5, 2023, without lawful admission or parole.[1] He was swiftly apprehended by United States Border Patrol agents, served with a notice to appear on April 7,

---

[1] Doc. 7-3 at 2.

2023, charged as removable pursuant to Section 212(a)(6)(A)(i) of the INA (alien present in the United States without being admitted or paroled), and released on his own recognizance.[2]

Approximately three years later, on January 22, 2026, ICE took Bonsu into custody during a routine check-in appointment in Pittsburgh, Pennsylvania.[3] On March 5, 2026, an immigration judge (IJ) denied Bonsu's applications for relief from removal and ordered him removed to Ghana.[4] Bonsu appealed this decision to the Board of Immigration Appeals (BIA).[5] That appeal remains pending.

On April 9, 2026, a bond hearing was held by an IJ "pursuant to 8 C.F.R. § 1236," and bond was denied, with the reason given as "[f]light risk."[6] Bonsu reserved his right to appeal that decision,[7] but it is unclear whether he appealed this bond denial to the BIA.

Bonsu lodged the instant *pro se* habeas petition in this Court on June 22, 2026,[8] his second such petition. Respondent timely responded to the petition on August 7, 2026.[9] Bonsu filed a traverse on August 19, 2026.[10] His Section 2241 petition is therefore ripe for disposition.

---

2 *Id.* at 2; Doc. 7-2 at 5.
3 Doc. 7-2 at 4.
4 Doc. 7-5.
5 Doc. 7-8.
6 *See* Doc. 7-7.
7 *See id.* at 3.
8 Doc. 1.
9 *See generally* Doc. 9.
10 Doc. 10.

## II. STANDARD OF REVIEW

Under 28 U.S.C. § 2241(c), a prisoner or detainee may receive habeas relief only if he "is in custody in violation of the Constitution or laws or treaties of the United States."[11] Because Bonsu filed the instant petition while he was detained within the jurisdiction of this Court, is still currently detained by ICE, and asserts that his continued detention violates due process, this Court has jurisdiction over his Section 2241 petition.[12]

## III. DISCUSSION

Bonsu was ordered removed to Ghana. He has appealed that decision to the BIA and his appeal remains pending, so his order of removal is not final. In his Section 2241 petition, he argues that he was unlawfully arrested and that his detention has become unreasonably prolonged and violative of the Fifth Amendment.[13] He requests "immediate release" or a new bond hearing, and for the Court to enjoin ICE from arresting him again.[14]

Respondent argues, in a lengthy response, that Bonsu is subject to mandatory detention pursuant to 8 U.S.C. § 1225(b)(2)(A) and therefore has no

---

11 *See* 28 U.S.C. § 2241(c)(3); *Maleng v. Cook*, 490 U.S. 488, 490 (1989).

12 *See Zadvydas v. Davis*, 533 U.S. 678, 699 (2001); *Spencer v. Kemna*, 523 U.S. 1, 7 (1998); *Khalil v. President, United States*, 164 F.4th 259, 277-79 (3d Cir. 2026) (holding that detention specific claims, like length and conditions of confinement, do not "arise from" removal proceedings and can be addressed by district courts).

13 Doc. 1 at 2, 6-7.

14 *Id.* at 8.

right to release on bond.[15] Respondent's argument regarding why Bonsu is detained under Section 1225(b)(2)(A), however, has been repeatedly rejected by numerous courts within and beyond this district.[16] Indeed, this Court has soundly rejected Respondent's argument on multiple occasions.[17] Most importantly, the United States Court of Appeals for the Third Circuit has recently settled the issue for this circuit. In *Buele Morocho v. Warden Philadelphia FDC*,[18] the Third Circuit held that noncitizens like Bonsu who are already within the United States and not detained at the border are being detained under Section 1226(a); they are not subject to mandatory detention without bond under Section 1225(b)(2)(A).[19] Thus, the Court finds, as it must, that Bonsu is currently being detained pursuant to Section 1226(a) rather than Section 1225(b)(2)(A).

Section 1226(a) of Title 8 of the United States Code provides that "[o]n a warrant issued by the Attorney General, an alien *may* be arrested and detained

---

15 *See generally* Doc. 7.

16 *See Quispe v. Rose*, 819 F. Supp. 3d 362, 369-72 (M.D. Pa. 2025) (Mehalchick, J.); *Patel v. O'Neil*, No. 3:25-cv-2185, 2025 WL 3516865, at *4-5 (M.D. Pa. Dec. 8, 2025) (Mariani, J.); *Bethancourt Soto v. Soto*, 807 F. Supp. 3d 397, 408 (D.N.J. 2025) (collecting cases); *Del Cid v. Bondi*, 3:25-cv-00304, 2025 WL 2985150, at *14-17 (W.D. Pa. Oct. 23, 2025); *Castanon-Nava v. U.S. Dep't of Homeland Sec.*, 175 F.4th 828, 844-56 (7th Cir. 2026); *Barbosa da Cunha v. Freden*, 175 F.4th 61, 69-70 (2d Cir. 2026); *Hernandez Alvarez v. Warden, Fed. Det. Ctr. Miami*, 175 F.4th 1258, 1266, 1285 (11th Cir. 2026); *Barco Mercado v. Francis*, 811 F.Supp.3d 487, 494-95 (S.D.N.Y. 2025) (collecting 350 cases). *But see Buenrostro-Mendez v. Bondi*, 166 F.4th 494 (5th Cir. 2026); *Avila v. Bondi*, 170 F.4th 1128 (8th Cir. 2026).

17 *See, e.g.*, *Galvez Garcia v. Warden, Pike Cnty. Corr. Facility*, No. 4:26-cv-02159, 2026 WL 2496707, at *1-2 (M.D. Pa. Aug. 25, 2026) (Brann, C.J.); *Tursunov v. Butler*, No. 4:26-cv-00826, 2026 WL 1483741, at *1-2 (M.D. Pa. May 27, 2026) (Brann, C.J.); *Magatte v. Noem*, No. 4:26-cv-00597, 2026 WL 780726, at *1-2 (M.D. Pa. Mar. 19, 2026) (Brann, C.J.).

18 __ F.4th__, __, Nos. 26-1150, 26-1454, 2026 WL 2546223 (3d Cir. Aug. 28, 2026).

19 *See id.*, at *1, *7.

pending a decision on whether the alien is to be removed from the United States."[20] The relevant implementing regulations state that a detainee under Section 1226(a) may be released on bond by ICE or by an immigration judge if the detainee "demonstrate[s] . . . that such release would not pose a danger to property or persons, and that [he] is likely to appear for any future proceeding."[21] If a Section 1226(a) detainee is denied release at the initial bond hearing, he may request a custody redetermination hearing before an immigration judge.[22] That request will "be considered only upon a showing that the alien's circumstances have changed materially."[23] Both the initial bond determination and subsequent custody decisions can be appealed to the Board of Immigration Appeals (BIA).[24]

Bonsu was provided a bond hearing before a neutral IJ on April 9, 2026. He has not established that this hearing was unconstitutional, fundamentally unfair, or violated his due process rights in any way.

A little over two months later, he filed the instant Section 2241 petition. He claims that his detention has become unreasonably prolonged and violates due process, but he is wrong. Bonsu, as a Section 1226(a) detainee, has been provided the process that is due under that statute and its implementing regulations. To the

---

[20] 8 U.S.C. § 1226(a) (emphasis added).
[21] 8 C.F.R. § 236.1(c)(8).
[22] *Id.* § 236.1(d)(1).
[23] *Id.* § 1003.19(e).
[24] *Id.* § 236.1(d)(3).

extent that Bonsu disagrees with the IJ's reasoning for denying bond and asks this Court to order his release, such an argument is essentially "asking this Court to directly review the IJ's bond decision, a task which Congress has expressly forbidden us from undertaking."[25]

Finally, if Bonsu disagreed with the IJ's bond determination, he had the ability to appeal that determination to the BIA.[26] Indeed, Bonsu appears to have reserved his right to appeal.[27] This administrative appellate review is further available process regarding his Section 1226(a) detention.

Bonsu has established no constitutional violation with respect to his Section 1226(a) detention or his underlying bond hearing. Although he maintains that the duration of his detention violates his constitutional rights, he "cites no authority, and we can find none, to suggest that duration alone can sustain a due process challenge by a detainee who has been afforded the process contemplated by § 1226(a) and its implementing regulations."[28] The Court therefore cannot grant Bonsu the habeas relief he requests.

---

[25] *Borbot v. Warden Hudson Cnty. Corr. Facility*, 906 F.3d 274, 279 (3d Cir. 2018); *see* 8 U.S.C. § 1226(e) ("No court may set aside any action or decision by the Attorney General under this section regarding the detention or release of any alien or the grant, revocation, or denial of bond or parole.").

[26] *See* Doc. 7-7 at 3; 8 C.F.R. § 236.1(d)(3).

[27] *See* Doc. 7-7 at 3 (checking box that "Appeal" was "reserved").

[28] *Borbot*, 906 F.3d at 276-77.

## IV. CONCLUSION

For the foregoing reasons, the Court will deny Bonsu's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. An appropriate Order follows.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
Chief United States District Judge